**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHEN IDE, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRITISH AIRWAYS, PLC (UK),<br><br>Defendant. | Case No. 1:20-cv-03542 (JMF)<br><br>Hon. Jesse M. Furman |

**[PROPOSED] STIPULATED PRIVILEGE PROTOCOL**

The parties to the above-referenced Action, through their respective counsel of record, hereby stipulate, subject to approval by the Court, to the following protocol for addressing privilege issues:

**I.   DEFINITIONS**

1.     The term "Producing Party" shall mean any Party or nonparty to this action, including its counsel, retained experts, directors, officers, employees, and/or agents, who designates any discovery material produced in this action pursuant to this Protocol.

2.     The term "Requesting Party" shall mean any Party, including its counsel, retained experts, directors, officers, employees, or agents, who receives any discovery material in this Litigation.

**II.   PRIVILEGE LOG**

3.     Pursuant to the Federal Rules of Civil Procedure, withholdings from discovery on the grounds of attorney-client privilege, joint defense or common interest doctrine, work product

1

protection, or similar grounds (each encompassed by the term "privilege" as used hereafter), must be logged, except as otherwise provided within this protocol.

4. Privilege logs shall comply with Federal Rule of Civil Procedure 26(b)(5), which requires a party to (a) expressly identify the privilege asserted; and (b) "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess this claim." *See* FED. R. CIV. P. 26(b)(5).

5. At all times, the logging party bears the burden of establishing that any document, communication, information, or other content that is withheld from discovery in whole or part on the basis of an asserted privilege is in fact privileged and/or otherwise properly withheld. None of the following shifts or changes this burden.

**A.     Contents**

6. In lieu of traditional privilege logs, the producing parties may initially produce categorical privilege logs (i.e., same document description may be used for multiple documents).

  (a) Category Number;

  (b) Date Range;

  (c) Document Type(s);

  (d) Sender(s)/Recipient(s)/Copyee(s);

  (e) Category Description;

  (f) Privilege Justification; and

  (g) Number of Documents Withheld.

7. All legal staff must be identified with an asterisk next to their names.

8.      The party that produces a document and is claiming the certain information is privileged (the "Producing Party") must use its best efforts to produce a privilege log within 45 days of the production to which the log corresponds.

   **B.   Document Families and Email Chains**

9.      When assessing an email chain (also known as an email thread, strand, or string), the logging party shall review each individual email message in the email chain and redact only the portions of the chain that are subject to a claim of privilege. The logging party shall produce a redacted version of each entire email chain in such fashion as to leave unredacted (i) all non-privileged information in the body of any email message within the email chain, and (ii) all email message header information (to, from, cc, bcc, send date, and subject header, etc.) of each email message within the email chain, except that an email message's subject header may be redacted in whole or part if itself subject to a claim of privilege.

## III.   LOGGING EXEMPTIONS

10.     The parties shall not be required to include on the categorical log privileged materials relating to:

   (a)   the claims and defenses in this lawsuit that are sent by or to outside counsel of record; or

   (b)   activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) which are protected from disclosure under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

11.     Nothing herein shall be interpreted to limit the relevant time period for discovery.

## IV.  INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

12. Pursuant to Federal Rule of Evidence 502(d), any inadvertently produced privileged document will not be deemed to constitute a waiver in the pending case or in any other federal or state proceeding.

13. When the inadvertent disclosure of any information, document or thing protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or other applicable privilege or protection is discovered by the Producing Party, the Producing Party shall promptly bring it to the attention of the Requesting Party (a "clawback" request) and the Requesting Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

14. Absent exigent circumstances (e.g., where a substantial universe of material was inadvertently produced as a result of a systemic vendor error), the Producing Party shall provide to the Requesting Party at the time of the clawback request all the information that normally would be reflected in a privilege log entry pursuant to Paragraph 7 with respect to the documents identified in the clawback request, as well as a new copy of the material (utilizing the same Bates number(s) as the original material) with the privileged or protected material redacted.

15. Nothing herein restricts the right of the Requesting Party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receipt of the clawback request. The Requesting Party shall have the right to apply for an order that such materials are not protected from disclosure by any privilege or doctrine, and may, consistent with Federal Rule of Civil Procedure 26(b)(5)(B), promptly present any clawback challenge to the Court and seek an *in camera* determination of the claim.

16. Upon receipt of a clawback request, the Requesting Party may use the clawed-back material only for the purpose of challenging the clawback (including determining whether to challenge the clawback) unless otherwise ordered by the Court.

17. If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is subject to the attorney-client privilege, the attorney work product doctrine, common interest privilege, or other privilege or protection, the Producing Party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privilege or protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. If the Producing Party allows the examination concerning the document to proceed consistent with this paragraph, all parties shall sequester all copies of the inadvertently produced document. As to any documents or testimony subject to a claim of privilege or other protection, the Producing Party shall serve a notice pursuant to Paragraph 12 within seven (7) days of the deposition's conclusion or receipt of the deposition's exhibits, whichever is later, after which time the parties shall follow the procedures set forth in Paragraphs 12-14. If the Producing Party fails to notify the Receiving Party about a claim of privilege with respect to documents or testimony used at a deposition within seven (7) days of the deposition's conclusion or receipt of the deposition's exhibits, whichever is later, the claim of privilege shall be deemed waived.

18. If a Requesting Party uses produced material in a brief or at a hearing, and the Producing Party has not served a notice pursuant to Paragraph 12 in advance of the briefing event or hearing, the Producing Party shall serve a notice pursuant to Paragraph 12 within seven (7) days of the briefing event or hearing. Thereafter, the procedures set forth in Paragraphs 12-14 shall apply. If the Producing Party fails to serve such a notice within seven (7) days of the briefing event or hearing, the claim of privilege shall be deemed waived.

## V. PRIVILEGE CHALLENGES

### A. Documents

19. The parties agree that the Requesting Party may challenge the privilege designation of any document or set of documents by notifying the Producing Party in writing of the document(s) and the basis for the challenge.

20. The Producing Party receiving a challenge shall respond to the challenge within fourteen (14) calendar days either (a) withdrawing the privilege claim and providing the previously withheld information or (b) identifying all bases for rejecting the challenge to the privilege claim(s) asserted.

21. To the extent any privilege claims are not withdrawn, the parties shall meet and confer over any dispute issues, and if, after seven (7) days from receipt of the response to the privilege challenge, the parties are not able to resolve all the disputed issues, the Requesting Party may seek relief from the Court and refer to the challenged document(s) in any related briefing, provided, however, that in doing so, the Requesting Party must comply with all confidentiality obligations imposed by Court orders in this Action.

22. Notwithstanding the foregoing, a Requesting Party may, after meeting and conferring with the Producing Party, seek more expedited relief from the Court at any time if there is good cause for doing so.

**B.     Testimony**

23.     The parties agree to meet and confer in good faith to resolve privilege disputes that arise in the context of a deposition and involve the Court as necessary under the circumstances.

**IT IS SO STIPULATED.**

Dated:  July 27, 2021

| | |
|---|---|
| /s/ *Scott Grzenczyk* | /s/ *Keara M. Gordon* |
| Adam E. Polk (*pro hac vice*) | Keara M. Gordon |
| Scott M. Grzenczyk (*pro hac vice*) | Colleen Carey Gulliver |
| Tom Watts (*pro hac vice*) | **DLA Piper LLP (US)** |
| **GIRARD SHARP LLP** | 1251 Avenue of the Americas |
| 601 California Street, Suite 1400 | New York, New York 10020-1104 |
| San Francisco, CA 94108 | Phone: (212) 335-4500 |
| Telephone: (415) 981-4800 | Facsimile: (212) 335-4501 |
| Facsimile: (415) 981-4846 | keara.gordon@us.dlapiper.com |
| apolk@girardsharp.com | colleen.gulliver@us.dlapiper.com |
| scottg@girardsharp.com | |
| tomw@girardsharp.com | *Attorneys for Defendant British Airways* |

E. Michelle Drake (*pro hac vice*)
John G. Albanese (*pro hac vice*)
**BERGER MONTAGUE PC**
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5933
Fax: (612) 584-4470
emdrake@bm.net
jalbanese@bm.net


Shanon J. Carson (*pro hac vice*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
scarson@bm.net
215-875-4656

*Attorneys for Plaintiff*

**SO ORDERED**

_____

Hon. Jesse M. Furman
United States District Court Judge
July 28, 2021