**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

STEPHEN IDE et al., on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

BRITISH AIRWAYS, PLC (UK),

    Defendant.

.

Case No. 20-cv-03542-JMF

**ORDER GRANTING PLAINTIFFS' MOTION**
**FOR PRELIMINARY APPROVAL**

WHEREAS, on June 19, 2020, Stephen Ide filed a First Amended Class Action Complaint (the "FAC") in the United States District Court for the Southern District of New York against British Airways Plc ("BA"), along with additional named plaintiffs Karen Steele-Clarke, Philip Tenn, and Donald Dominique, Jr., on behalf of themselves and all others similarly situated, alleging that BA breached its Conditions of Carriage with its passengers when it failed to provide refunds for flights cancelled by BA in the wake of COVID-19;

WHEREAS, Plaintiffs and BA entered into a Class Action Settlement Agreement and Release ("Settlement Agreement") on May 20, 2022, which is attached as Exhibit 1 to the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval, filed on May 20, 2022, and sets forth the terms and conditions of the Settlement[1] and the dismissal of the Litigation against BA with prejudice;[2]

WHEREAS, Plaintiffs have moved the Court for an Order preliminarily approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23 and approving notice to the Settlement Class as more fully described herein;

WHEREAS, BA does not contest certification of the Settlement Class solely for purposes of the Settlement but retains its objections to the Litigation proceeding as a litigation class;

WHEREAS, the Court is familiar with and has reviewed the record and has reviewed the Settlement Agreement and its exhibits, Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Approval, and the supporting Declaration of Polk, the supporting Declaration of Steve Weisbrot, British Airways' Memorandum of Law in Support of the Motion for Preliminary Approval and its exhibits thereto, and found good cause for entering the following order (the

---

[1] Capitalized terms not defined herein have the meaning assigned to them in the Settlement Agreement.
[2] BA filed a corrected Settlement Agreement with its Memorandum of Law in Support of the Motion for Preliminary Approval, on May 25, 2022.

"Order").

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

**Preliminary Certification of the Settlement Class**

2. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as defined as follows, is preliminarily certified for the purpose of settlement only:

All persons or entities in the United States who purchased a ticket for a BA flight:

a. where BA later canceled that flight between March 1, 2020 and December 31, 2021; and

b. the customer did not cancel the flight or fail to show for the first leg of the flight prior to the cancellation of a later leg; and

c. the customer did not receive a refund or rebooking from BA; and

d. the customer received a voucher from BA and (1) with respect to the March 1 - November 19 Settlement Class Members did not already use the entire full value of the voucher; and (2) with respect to the November 20 - December 31 Settlement Class Members did not already use their voucher in whole or in part.

"**March 1 – November 19 Settlement Class Members**" means all Settlement Class Members who purchased a ticket for a BA flight where BA later canceled that flight between March 1, 2020 and November 19, 2020.

"**November 20 – December 31 Settlement Class Members**" means all Settlement Class Members who purchased a ticket for a BA flight where BA later cancelled that flight between November 20, 2020 and December 31, 2021.

3

3. The Settlement Class excludes: (1) all persons who validly opt out of the Settlement in a timely manner; (2) governmental entities; (3) counsel of record (and their respective law firms) for the Parties; (4) BA's officers, directors, and employees; (5) any judge to whom the Litigation is assigned, along with his or her staff; and (6) anyone who has already released the Released Claims.

4. The Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Named Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

5. The Settlement Class, if certified in connection with Final Approval, shall be for settlement purposes only and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

**Preliminary Approval of the Settlement**

The Court has scrutinized the Settlement Agreement carefully. It preliminarily finds that the Settlement is the product of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through discovery and motion practice, and whose negotiations were supervised by the Honorable Diane M. Welsh (Ret.). The Court also preliminarily finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation, does not grant preferential treatment to the Plaintiffs and Class Counsel, and has no obvious deficiencies.

The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable, and adequate, and in the best interest of the Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be

conducted as described below.

6. The Court hereby stays this Litigation pending final approval of the Settlement, and enjoins, pending final approval of the Settlement, any actions brought by the named Plaintiffs concerning a Released Claim.

**Manner and Form of Notice**

7. The Court approves the Class Notice substantially in the form attached as Exhibits C and D to the Settlement Agreement and the Claim Form substantially in the form attached as Exhibit B to the Settlement Agreement. The Court also finds that the proposed Notice Plan, which includes dissemination of the Long Form Notice to Settlement Class Members via e-mail and the Summary Notice by U.S. mail for those Settlement Class Members for whom BA does not have an e-mail address on file or e-mail notice has been undeliverable, will provide the best notice practicable under the circumstances. The Class Notice is reasonably drafted, under the circumstances, to apprise Settlement Class Members of the pendency of this Litigation; the effects of the proposed Settlement on their rights (including the Released Claims contained therein); Class Counsel's upcoming motion for attorneys' fees, expenses, and service awards; of their right to submit a claim form; and of their right to object to any aspect of the proposed Settlement. The Class Notice provides due, adequate, and sufficient notice to Settlement Class Members, and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Class Notice before it is disseminated.

8. The Court hereby appoints Angeion Group to serve as the Settlement Claims Administrator to supervise and administer the notice process, establish and operate a Settlement Website and a toll-free number, administer the Claims process, including the determination of Valid Claims, distribute Cash Option payments according to the rules and criteria set forth in the

Settlement Agreement, and perform any other duties of the Settlement Administrator provided for in the Settlement Agreement.

9. BA shall provide the Settlement Administrator with the names, passenger name records, e-mail addresses (if available), and the mailing addresses (if available) of any Settlement Class Members for whom BA does not have an e-mail address on file for the purpose of disseminating the Class Notice. This information will not be shared with Class Counsel.

10. The Settlement Claims Administrator shall provide notice of the Settlement and the Final Approval Hearing to Settlement Class Members as follows:

    a. Angeion Group will disseminate via e-mail the Long Form Notice to Settlement Class Members for whom BA has an e-mail address.

    b. Angeion Group will disseminate by first-class mail the Summary Notice to the last known address for those Settlement Class Members for whom BA does not have an e-mail address, or if the e-mail is undeliverable; and

    c. Within five (5) days following the entry of this Order, the Settlement Claims Administrator shall establish the Settlement Website pursuant to the terms of the Settlement Agreement. The Settlement Website will have a Claim Form submission capability, contain the Preliminary Approval Order, the Class Notice, the Settlement Agreement, and other information regarding the Court approval process as agreed to by the Parties.

**The Final Approval Hearing**

11. The Court will hold a Final Approval Hearing on **November 1, 2022**, at **4 p.m. Eastern Time** for the following purposes: (i) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (ii) to rule upon Class Counsel's application for an award of attorneys' fees and expenses; (iii) to rule upon Class Counsel's application for service awards for the Class Representatives; and (iv) to consider

any other matters that may properly be brought before the Court in connection with the Settlement. Unless and until the Court orders otherwise, the Final Approval Hearing will be held by telephone. At least **twenty-four hours before the conference**, counsel shall email to the Court the names and telephone numbers of those who will have speaking roles at the conference, and the Court will provide call-in information to those parties.  All others — counsel who will not have speaking roles and members of the public — may listen to the conference by calling the Court's dedicated conference call line at (888) 363-4749 and using access code 542-1540 followed by the pound (#) key.  The parties are reminded to follow the procedures for teleconferences described in the Court's Individual Rules and Practices for Civil Cases, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman.

12. The Court reserves the right to: (a) adjourn or continue the Final Approval Hearing by Order, without further notice to Settlement Class Members; (b) convert the Final Approval Hearing to an in-person proceeding by Order, without further notice to the Settlement Class Members; or (c) approve the Settlement Agreement with modification and without further notice to Settlement Class Members.  The Parties retain their rights under the Settlement Agreement to terminate the Settlement if the Court rejects, materially modifies, materially amends or changes, or declines to finally approve the Settlement.

13. Class Counsel's application for an award of attorneys' fees and expenses, and Class Counsel's application for service awards, will be decided in an order separate from the order that addresses the fairness, reasonableness, and adequacy of the Settlement.  Any appeal from any orders relating solely to Class Counsel's application for an award of attorneys' fees and expenses, or Class Counsel's application for service awards, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the judgment approving the Settlement and the Settlement Agreement.

14. If the Settlement is approved, all Settlement Class Members who do not exclude themselves will be bound by the proposed Settlement provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members who do not exclude themselves shall be bound by all determinations and judgments in this Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

15. Papers in support of final approval of the Settlement and Class Counsel's application for attorneys' fees, expenses and costs, and service awards shall be filed no later than twenty-one (21) calendar days prior to the Opt-Out and Objection Date. Papers in opposition shall be filed in accordance with paragraph 16 below. Reply papers shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing.

**Objections and Appearance at the Final Approval Hearing**

16. Any Settlement Class Member may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class, or why judgment should or should not be entered, or to present opposition to Class Counsel's application for attorneys' fees and expenses or to Class Counsel's application for service awards. However, no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or if approved, the judgment to be entered approving the Settlement, or Class Counsel's application for an award of attorneys' fees and expenses, or for service awards, unless that Settlement Class Member or person filed objections, in accordance with Paragraph 17 below, on the

Electronic Case Filing ("ECF") System no later than twenty-one (21) calendar days before the Final Approval Hearing.[3]

17.     For an objection to be considered by the Court, the objection must set forth: (a) the objector's full name, address, and telephone number and, if represented by counsel, the name, address and telephone number of his or her counsel; (b) the objector's passenger name record for the flight(s) at issue; (c) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (d) all grounds for his or her objection, accompanied by any legal support for the objection to the objector or his or her counsel; (e) copies of any papers, briefs, or other documents upon which the objection is based or upon which the objector or his counsel intends to rely; and (f) the objector's handwritten signature. Counsel's signature is not a substitute for the objector's signature.

18.     Any Settlement Class Member who does not make his or her objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or to Class Counsel's application for an award of attorneys' fees and expenses or for service awards. By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

---

[3] If an objector is not eligible to use the ECF System, the objection shall be served by the deadline, by first-class mail, on the Clerk of Court of the Southern District of New York, Class Counsel, BA's Counsel, and the Settlement Class Administrator, as set forth in the Class Notice.

19. Any Settlement Class Member may enter an appearance in this Litigation, at his or her own expense, individually or through counsel of his or her own choice. If a Settlement Class Member does not enter an appearance, he or she will be represented by Class Counsel.

**Exclusion from the Settlement Class**

20. Any requests for exclusion must be received no later than twenty-one (21) calendar days before the Final Approval Hearing, which is the Opt-Out and Objection Date. Any person who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must mail or deliver a written request for exclusion to the Settlement Claims Administrator and the request must be received by the Opt-Out and Objection Date. The written notification must include the Settlement Class Member's name, address and telephone number, a statement that the Settlement Class Member wishes to be excluded from the Settlement in this Litigation, and be signed by the Settlement Class Member. All Settlement Class Members who submit valid and timely notifications of exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the forms of relief provided by the Settlement, and shall not be bound by the Settlement Agreement, any orders of the Court, or any final judgment.

21. Any Settlement Class Member who does not notify the Settlement Claims Administrator of his or her intent to exclude himself or herself from the Settlement Class in the manner stated in this Order shall be deemed to have waived his or her right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including but not limited to, the release of the Released Claims against the Released Parties provided for in the Settlement Agreement and the judgment, if the Court approves the Settlement.

22. The Settlement Claims Administrator shall also provide a final report to Class Counsel and BA, no later than fourteen (14) calendar days before the Final Approval Hearing, that summarizes the number of opt-out notifications received to date, and other pertinent information. Class Counsel shall include the information, as appropriate, in its reply papers.

**Termination of the Settlement**

23. If the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination of the Settlement Agreement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

**The Use of this Order**

24. As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against either party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of BA to the Class Representatives, the Settlement Class or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Litigation, (iv) that BA agrees that a litigation class is proper in this Litigation; (v) of any damages or lack of damages suffered by the Class Representatives, the Settlement Class or anyone else, or (vi) that any benefits obtained by the Settlement Class pursuant to the Settlement Agreement or any other amount

represents the amount that could or would have been recovered in this Litigation against BA if it was not settled at this point in time. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including but not limited to, the judgment and the release of the Released Claims provided for in the Settlement Agreement and the judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement.

25. The Court retains exclusive jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATE:
June 1, 2022　　　　　　　　　　　　　　　_____
New York, New York　　　　　　　　　　THE HONORABLE JESSE M. FURMAN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE