IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

STEPHEN IDE, et al., on behalf of themselves
and all others similarly situated,

        Plaintiffs,

v.

BRITISH AIRWAYS, PLC (UK),

        Defendant.

Case No. 1:20-cv-03542-JMF

## [PROPOSED] ORDER GRANTING APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

**WHEREAS**, on June 19, 2020, Stephen Ide filed a First Amended Class Action Complaint (the "FAC") in the United States District Court for the Southern District of New York against British Airways PLC ("BA"), along with additional named plaintiffs Karen Steele-Clarke, Philip Tenn, and Donald Dominique, Jr.;

**WHEREAS**, Plaintiffs Stephen Ide and Karen Steele-Clarke ("Named Plaintiffs") and BA entered into a Class Action Settlement Agreement and Release ("Settlement Agreement") on May 20, 2022 (ECF No. 109-4);

**WHEREAS**, the Court preliminarily approved the Settlement on June 1, 2022, finding the Settlement is "within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation, does not grant preferential treatment to the Plaintiffs and Class Counsel, and has no obvious deficiencies" (ECF No. 113);

**WHEREAS**, Named Plaintiffs have moved the Court for a Final Order and Judgment approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23;

**WHEREAS**, there have been no objections to the Settlement; and

**WHEREAS**, the Court held a Final Approval Hearing to consider approval of this class action settlement on November 15, 2022. The Court has considered the Settlement Agreement, the record in the Action, and the Parties' arguments and authorities.

**NOW THEREFORE IT IS HEREBY ORDERED AND JUDGMENT IS HEREBY ENTERED AS FOLLOWS:**

1. The Settlement and all of its exhibits (as filed with the Court) are incorporated into this Order, including the terms and definitions set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action, the Named Plaintiffs, the Settlement Class Members, and Defendant BA.

## NOTICE

3. The Court finds, based on the evidence, that the Class Notice constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied in all respects with the requirements of Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the rules of this Court, and any other applicable law.

4. Notification of the Settlement was timely provided to the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. No official to whom CAFA notice was given has raised any objection to the Settlement.

## CERTIFICATION OF THE SETTLEMENT CLASS

5. The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court certifies the following Settlement Class for purposes of Settlement only:

All persons or entities in the United States who purchased a ticket for a BA flight:

a) where BA later canceled that flight between March 1, 2020 and December 31, 2021; and

b) the customer did not cancel the flight or fail to show for the first leg of the flight prior to the cancellation of a later leg; and

c) the customer did not receive a refund or rebooking from BA; and

d) the customer received a voucher from BA and (1) with respect to the March 1 - November 19 Settlement Class Members did not already use the entire full value of the voucher; and (2) with respect to the November 20 - December 31 Settlement Class Members did not already use their voucher in whole or in part.

"**March 1 – November 19 Settlement Class Members**" means all Settlement Class Members who purchased a ticket for a BA flight where BA later canceled that flight between March 1, 2020 and November 19, 2020.

"**November 20 – December 31 Settlement Class Members**" means all Settlement Class Members who purchased a ticket for a BA flight where BA later cancelled that flight between November 20, 2020 and December 31, 2021.

6. The Settlement Class excludes: (1) all persons who validly opt out of the Settlement in a timely manner; (2) governmental entities; (3) counsel of record (and their respective law firms) for the Parties; (4) BA's officers, directors, and employees; (5) any judge to whom the Litigation is assigned, along with his or her staff; and (6) anyone who has already released the Released Claims.

7. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in

the best interests of the Settlement Class Members based on the following factors, among other things:

      a.      There is no fraud or collusion underlying the Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of formal and informal mediation sessions with a respected mediator and former federal Magistrate Judge, the Honorable Diane M. Welsh (Ret.), warranting a presumption in favor of approval.

      b.      The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class Members. Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

      c.      The support of Class Counsel and the Named Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval.

      d.      The Settlement provides meaningful relief to the Class, including cash relief, and certainly falls within the range of possible recoveries by the Settlement Class Members.

8.      The terms of the Settlement shall be forever binding on the Settlement Class.

## **RELEASES**

9.      As of the Effective Date, the Named Plaintiffs and each of the members of the Settlement Class who have not timely requested exclusion from the Settlement Class, and each of their respective successors, assigns, legatees, heirs, and personal representatives, will be deemed to have released the Released Parties of all Released Claims and all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature

4

whatsoever, known claims or unknown claims, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions, or other conduct that was or could have been alleged or otherwise referred to in the Action, including, but not limited to, any and all acts, omissions, or other conduct asserting claims (including, without limitation, any unknown claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action.

10. Settlement Class Members are barred and permanently enjoined from prosecuting any and all Released Claims against the Released Parties.

11. Notwithstanding the foregoing, this release shall not include any future claims relating to the continued enforcement of the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order, including but not limited to ECF Nos. 64 and 68. This release does not constitute a general release.

12. After entering into the Settlement, the Settlement Class Members and/or Named Plaintiffs may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the claims released by the Settlement, but they intend to release fully, finally and forever any and all such claims. The Settlement Class Members and Named Plaintiffs expressly agree that, upon the Effective Date, they waive and forever release any and all provisions, rights, and benefits conferred by: Section 1542 of the California Civil Code; and any law of any state, territory, or possession of the United States or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

## REQUESTS FOR EXCLUSION

13. Members of the Settlement Class were given the opportunity to request exclusion from the Settlement Class and the ten individuals identified in Exhibit A hereto timely and validly

requested exclusion from the Settlement Class in accordance with the provisions of the Settlement Agreement and Preliminary Approval Order. These individuals shall not share in the monetary benefits of the Settlement, and this Order does not affect their legal rights to pursue any claims they may have against BA.

## OTHER PROVISIONS

14. The Action, and all claims asserted in the Action, is settled and dismissed on the merits with prejudice.

15. Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

16. Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over the Action, the Named Plaintiffs, the Settlement Class Members, and BA to enforce the terms of the Settlement, the Court's order preliminarily certifying the Settlement Class (ECF No. 113) and this Order. In the event that any applications for relief are made, such applications shall be made to the Court. To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

17. The Settlement, this Order, and any papers related to the Settlement, and the fact of Settlement, are not admissions of liability, wrongdoing, or fault by BA or the Released Parties, of the truth of any fact alleged, or a finding of the validity of any claims in the Actions or of any wrongdoing or violation of law by BA or the Released Parties. To the extent permitted by law,

neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

18. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

**NOW, THEREFORE**, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated: ___November 14___, 2022

_____
Hon. Jesse M. Furman
United States District Court

The Clerk of Court is directed to terminate ECF No. 118 and 121 and to close this case.

EXHIBIT A

*Ide, et al. v. British Airways, PLC*
Exclusion Report

|    | FIRST NAME  | LAST NAME |
|----|-------------|-----------|
| 1  | NICOLE      | FONDA     |
| 2  | JUSTIN      | GODWIN    |
| 3  | HEATHER     | HALBERG   |
| 4  | ALEXANDRE   | HOFFMAN   |
| 5  | LADSLAS T   | KARANJA   |
| 6  | BRUCE       | KOOYMAN   |
| 7  | MARY P      | MARIANI   |
| 8  | CYNTHIA P   | MCCAGUE   |
| 9  | DIANA       | POULIN    |
| 10 | MARIA C     | SEVERSON  |